WRIGHT, FINLAY & ZAK, LLP
Jonathan M. Zak, Esq., SBN 121592
Gwen R. Ribar, Esq., SBN 188024
William J. Idleman, Esq., SBN 258450
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Mikels/Pleadings/MTD)*
Tel. (949) 477-5050; Fax (949) 477-9200

Attorneys for Defendants,
JAN ESTEP, U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE AJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE , SERIES 2007-3; TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING INC., a Utah Corporation qualified to do business in California; OLIVIA A TODD, NATIONAL DEFAULT SERVICING CENTER INC., an Arizona Corporation qualified to do business in California ("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELEINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD and RONALD M. ARLAS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSHALL MIKELS,<br><br>Plaintiff,<br><br>vs.<br><br>JAN ESTEP, U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE AJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE , SERIES 2007-3, CHAD FISHER, FISHER FINANCIAL GROUP, INC. dba, NA TIONS CHOICE MORTGAGE, INC , an Arizona Corporation qualified to do business in California; R.K. ARNOLD MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Virginia Corporation ("MERS"); TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING INC., a Utah Corporation qualified to do business in | Case No.: 12-cv-00056-EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 30, 2012<br>Time: 1:30 p.m.<br>Crtm: 5 – 17th Floor<br><br>[*Filed Concurrently with Request for Judicial Notice*] |

California; OLIVIA A TODD, NATIONAL DEFAULT SERVICING CENTER INC., an Arizona Corporation qualified to do business in California ("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELEINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD, RONALD M. ARLAS, DOES 1-100 et al.)

Defendants.

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 30, 2012, at 1:30 p.m., or as soon thereafter as may be heard in Courtroom 5, 17th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants JAN ESTEP, U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE AJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE , SERIES 2007-3; TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING INC., a Utah Corporation qualified to do business in California; OLIVIA A TODD, NATIONAL DEFAULT SERVICING CENTER INC., an Arizona Corporation qualified to do business in California ("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELEINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD and RONALD M. ARLAS ("Defendants") will move this Court for an Order dismissing the Second Amended Complaint of Plaintiff Marshall Mikels ("Plaintiff") pursuant to FRCP Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

This Motion is made on the grounds that Plaintiff fails to plead the essential facts that give rise to her claims and/or the claims that are barred on their face, as confirmed by matters which may properly be judicially noticed by this Court.

This Motion will be based upon this Notice, the attached memorandum of points and authorities, the complete files and records in this action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February 21, 2012 By: */s/ William J. Idleman*

Jonathan M. Zak, Esq.
Gwen H. Ribar, Esq.
William J. Idleman, Esq.
Attorneys for Defendants, JAN ESTEP, U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE AJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE , SERIES 2007-3; TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING INC., a Utah Corporation qualified to do business in California; OLIVIA A TODD, NATIONAL DEFAULT SERVICING CENTER INC., an Arizona Corporation qualified to do business in California ("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELEINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD and RONALD M. ARLAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Complaint arises out of a default by Plaintiff Marshall Mikels ("Plaintiff") on a loan secured by the property located at 115 15th Avenue, San Mateo, California 94402 ("Property"). The loan was secured by a Deed of Trust recorded on July 18, 2007. Fisher Financial Group, Inc., dba NationsChoice Mortgage ("Fisher Financial") is the original lender on the Deed of Trust and no longer has an interest in the Property. Fisher Financial assigned its beneficial interest in the Property to U.S. Bank, National Association, as trustee, on behalf of the holders of the Adjustable Rate Mortgage Trust 2007-3 Adjustable Rate Backed Pass Through Certificates, Series 2007-3 ("the Trust"). Select Portfolio Servicing, Inc. ("SPS") is the loan servicer for this mortgage and the attorney-in-fact for the Trust.

Plaintiff blames a failed stock market investment scheme that he entered into with Fisher Financial with the loan proceeds as the reason for his default.[1] Plaintiff is simply unhappy with the outcome of his investment scheme and has been employing frivolous litigation tactics to delay the Unlawful Detainer Action that was filed in state court by the Trust. Although acting in pro per, Plaintiff has considerable litigation experience and using his experience with the legal system to continually thwart the Trust's lawful right of possession.[2] Defendants suspect the motive of Plaintiff's delay is simple – to continue collecting rents from the tenants in the Property.

Defendants were not part of the dealings between Plaintiff and Fisher Financial, nor is there any legal basis for maintaining this action against the Defendants. Consequently, this Motion to Dismiss should be granted without leave to amend for the reasons below.

---

[1] See Complaint, ¶ 46.

[2] See Order to Remand, attached as Exhibit "6" to the Request for Judicial Notice ("RJN").

## II. STATEMENT OF FACTS

Foreclosure Background

On or about July 11, 2007, Plaintiff obtained a mortgage loan from Fisher Financial to fund a stock market and precious metals investment scheme.[3] The mortgage loan was in the amount of $1,350,000.00, as evidenced by a Deed of Trust secured by the Property.[4]

Plaintiff's income investment scheme failed and either he did not have enough income to support the loan payments or choose to stop making loan payments in mid-2009.[5] Consequently, he fell into arrears on his loan and the foreclosure process began against the Property.[6] On or about November 27, 2009, Fisher Financial assigned its interest under the Deed of Trust to the Trust.[7] After Plaintiff failed to cure the default or tender the amount due on the loan, the Notice of Trustee's Sale was recorded on February 8, 2010.[8]

Thereafter, on August 6, 2010, a foreclosure sale was held and the Property reverted to the Trust in accordance with California *Civil Code* Section 2924.[9]

Plaintiff's Post Foreclosure Abusive Gamesmanship

On January 21, 2011, the Trust filed an unlawful detainer action against Plaintiff in the San Mateo County Superior Court, Case No. CLJ 203244 (the "UD Action").[10] Defendant was served with the Complaint on April 4, 2011 and filed an answer in the UD Action on April 6, 2011.

On September 21, 2011, more than five months after he answered and on one week before the Trust's Motion for Summary Judgment hearing in state court,

---

[3] See Deed of Trust, attached as Exhibit "1" to the RJN and Plaintiff's Complaint, ¶ 45 .
[4] See Deed of Trust, attached as Exhibit "1" to the RJN.
[5] See Plaintiff's Complaint, ¶¶ 45 - 46.
[6] See Notice of Default, attached as Exhibit "2" to the RJN.
[7] See Corporate Assignment, attached as Exhibit "3" to the RJN.
[8] See Notice of Trustee's Sale, attached as Exhibit "4" to the RJN.
[9] See Trustee's Deed Upon Sale attached as Exhibit "5" to the RJN.
[10] See Order to Remand, attached as Exhibit "6" to the RJN.

Plaintiff removed the UD Action to this Court. The UD Action was subsequently remanded to the state court (not to mention, patently untimely under 28 U.S.C. §1446(b)).

Again, on the day of the hearing on the Motion for Summary Judgment in the UD Action, Plaintiff filed another removal to this Court.[11] Because the Unlawful Detainer is the subject of state court jurisdiction and Plaintiff was put on notice of this issue by virtue of the first order to remand, Plaintiff's attempt to litigate the UD Action in federal court is designed solely to harass and delay the Trust's lawful possession of the Property.

## III. ARGUMENT

### A. A Demurrer is Proper Due to Plaintiff's Failure to State a Claim Upon Which Relief May be Granted.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.[13] The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.[14] To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."[15]

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16] "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[11] *Id.*
[12] *FRCP* 8(a).
[13] *FRCP* 12(b)(6); *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001).
[14] *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996).
[15] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 (2007).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[17] In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged."[18] Also, the court need not accept "legal conclusions" as true.[19]

**B. <u>The Equitable Claims Fail Because Plaintiff Did Not Tender the Amounts Owed Under the Note and Deed of Trust</u>.**

Since Plaintiff has not tendered payment due under the Note and Deed of Trust, [20] none of the equitable causes of action alleged in the Complaint may properly be maintained. To the extent that Plaintiff's Complaint challenges the Trust's non-judicial foreclosure sale, Plaintiff is required to allege tender. However, nowhere in the Complaint does Plaintiff allege that he tendered, or has the ability to tender, the amounts owed under the loan. Absent a tender of the undisputed amounts, Plaintiff cannot invoke the court's equitable powers to stop the lender from exercising its agreed upon power of sale. [21]

The Court of Appeals of California has explained:

> "This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs."[22]

---

[16] *Id.* at 555 (citation omitted).
[17] *Id.* (citation omitted).
[18] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897 (1983).
[19] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). *Id.* at 1950.
[20] See Complaint, generally.
[21] *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 (emphasis added.); see also, *United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222; *Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 117.
[22] *F.P.B.I. Rehab 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021.

Thus, as a condition precedent to any action challenging a foreclosure, the borrower must tender or offer to tender a sum sufficient to cure the default.[23] Further, the tender must have been made in *good faith*; the party making the tender must have had the *ability to perform*; and the tender must have been *unconditional*.[24] This tender requirement has been extended to apply to "any cause of action" arising from an alleged improper foreclosure.[25]

Because no facts are pled to show that Plaintiff has met the tender requirement, Plaintiff cannot maintain any of the equitable claims such as Rescission, Injunction, Accounting, or Declaratory Relief. Moreover, Plaintiff fails to allege facts to support ant of these equitable claims.

1. <u>The Fifth Claim for Rescission Fails to Allege Facts to Support a Claim against Defendants.</u>

Plaintiff seeks rescission based on his lender's alleged failure to make disclosures required by TILA, 15 *U.S.C.* section 1601–1693, and TILA's implementing regulation, known as "Regulation Z,") 12 *C.F.R.* Pt. 226. Plaintiff's claim fails because it is time barred.

A claim for TILA damages must be brought "within one year from the date of the occurrence of the violation."[26] A claim for TILA rescission, on the other hand, is subject to a three-year statute of limitations or is cut-off by the sale of the property, whichever occurs first.[27]

"[A]s a general rule the limitations period starts at the consummation of the transaction."[28] Although "equitable tolling may be applied if, despite all due

---

[23] *Karlsen*, supra., at p. 117 (judgment on the pleadings granted); *Arnolds Management Corp. v. Fisher* (1984) 158 Cal.App.3d 575, 578-579.
[24] See, Miller & Starr, *supra.*; see also, *Civil Code* §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform).
[25] *Karlsen, supra.*, at p. 117; *Arnolds Management Corp. v. Fisher, supra.*, 158 Cal.App.3d at 578-579.
[26] 15 *U.S.C.*, §1640(e).
[27] 15 *U.S.C.*, §1635(f).
[28] *King v. California,* 784 F.2d 910, 915 (9th Cir.1986).

diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim," a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling.[29] "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"[30] Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plainitff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements."[31]

In this case, Plaintiff obtained the loan on July 11, 2007 but did not file the Complaint until January 4, 2012, well after the expiration of the statute of limitations for TILA damages and rescission claim. As a result, Plaintiff's TILA claims are time barred. Because Plaintiff did not allege any facts demonstrating that he could not have discovered the alleged TILA violations by exercising reasonable diligence, Plaintiff is not entitled to the tolling of the statute.[32] Thus Plaintiff's claims fail as a matter of law because they are time barred.

Additionally, in order to prevail on a TILA rescission claim, the borrower is obligated to tender the proceeds that the borrower received from the lender

---

[29] *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir.2000) (citation omitted); *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

[30] *O'Donnell v. Vencor, Inc.,* 466 F.3d 1104, 1112 (9th Cir.2006) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

[31] *Hubbard v. Fidelity Federal Bank,* 91 F.3d 75, 70 (9th Cir.1996) (citing *King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir.1986)).

[32] See, *Meyer v. Ameriquest Mortg. Co.,* 342 F.3 899, 902 (9th Cir.2003) (refusing to apply equitable tolling to TILA claim because the plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); *Hubbard v. Fid. Fed. Bank,* 91 F.3d 75, 79 (9th Cir.1996) (the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements.")

pursuant to the loan agreement.[33] Plaintiff's claim for TILA rescission also fails because Plaintiff did not tender the borrowed money. Accordingly, this claim fails.

2. <u>Plaintiff Fails to State a Cognizable Claim For Injunctive and Declaratory Relief.</u>

First and foremost, Plaintiff's cause of action for injunctive relief fails because injunctive relief is not considered to be a viable cause of action in California.[34] As explained in *Hafiz v. Greenpoint Mortg. Funding, Inc.*, "injunctive relief is a remedy which must rely upon underlying claims. If plaintiff seeks injunctive relief, she should request it as part of her prayer for relief."[35] Thus, because injunctive relief is not a viable cause of action and because Plaintiff's remaining causes of action, on which his request for injunctive relief is predicated, fail, Plaintiff's cause of action fails and is subject to this Demurrer.

In addition, Plaintiff's claim for injunctive relief is seemingly absent from the body of the Complaint and fails because there is nothing left to enjoin. The trustee's sale occurred on August 6, 2010.[36] Therefore, the request, if any, is moot.

Likewise, Plaintiff fails to state any distinguishable or recognizable claim for declaratory relief within the body of the Complaint, thereby utterly failing to explain what Defendants are called upon to defend.

Accordingly, the claims for injunctive and declaratory relief fail.

3. <u>Plaintiff's Cause Of Action For Accounting Fails Because Plaintiff Is Not, As A Matter Of Law, Entitled To An Accounting From Defendants.</u>

"An action for an accounting ... is a proceeding in equity for the purpose of

---

[33] See, 15 *U.S.C.* §1635(b); 12 *C.F.R.* §226.23(d); *Yamamoto v. Bank of N.Y.,* 329 F.3d 1167, 1173 (9th Cir.2003) (holding that "courts [are] free to exercise equitable discretion to modify rescission procedures.")

[34] See, *Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1187 (Injunctive relief is a remedy, not a cause of action).

[35] *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049 (N.D.Cal., 2009).

[36] See Trustee's Deed Upon Sale attached as Exhibit "5" to the RJN.

obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice."[37] "An accounting cause of action is equitable in nature, and may be sought 'where ... the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'"[38] "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."[39] The party seeking an accounting must be a "wronged fiduciary."[40] In addition, a request for a legal accounting must be tethered to relevant actionable claims.[41]

Plaintiff did not and, as a matter of law, cannot allege the elements of the claim. Plaintiff did not and cannot allege that Defendants owed him a duty to provide him with a detailed accounting because generally, there is no fiduciary duty between a lender and borrower.[42] Moreover, Plaintiff did not and cannot allege any facts showing that a balance is due from the Defendants to Plaintiff because the foreclosure sale already occurred. If anything, Plaintiff owes Defendants money. Further, this loosely pled claim is nothing more than an improper discovery request. Accordingly, Plaintiff's cause of action fails.

## C. <u>Plaintiff's Fraud Claims Fail to Meet the Heightened Pleadings Requirements of Fraud.</u>

Plaintiff also fails to sufficiently establish any fraud. Under California law, the "elements of fraud are: (1) a misrepresentation (false representation,

---

[37] *Verdier v. Superior Court* (1948) 88 Cal.App.2d 527, 530.
[38] *Civic W. Corp. v. Zilla Indus. Inc.* (1977) 135 Cal.Rptr. 915, 923.
[39] *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179.
[40] *Glue-Fold, Inc. v. Slautterback Corp.* (2000) 98 Cal Rptr.2d 611, 663 FN.3.
[41] *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1044 (N.D.Cal., 2009).
[42] *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 436; *Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 740-741. Any other duty to provide an accounting is limited to the payoff demand statement, which duty arises only when a written request for such statement is made prior to the date of recording of the notice of trustee's sale. *Civ. Code* §2943(c).

concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."[43] Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong."

Though the substantive elements of fraud are set by a state law, those elements must be pled in accordance with the requirements of Rule 9(b).[44] Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."[45] The plaintiff must set forth what is false or misleading about a statement, and why it is false."[46] Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud.[47]

Here, Plaintiff asserts four claims for fraud, the first two claims are rooted in the loan origination and do not apply to the moving Defendants. The second two fraud claims are essentially conspiracy themed claims that allege a loan was not made despite Plaintiff's acknowledgment of a loan being made in paragraph 44 of Plaintiff's Complaint. None of the claims are alleged with the requisite specificity.

1. <u>Plaintiff's Fraud Claims are Time-Barred.</u>

Nonetheless, Plaintiff's fraud-based claims regarding the origination of the Loan are barred by the three-year statute of limitations under California *Code of Civil Procedure* § 338(d). Plaintiff's loan was originated in July 2007, and Plaintiff's Complaint was not filed until January 2012, over four years later.[48]

---

[43] *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990.
[44] *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1103.
[45] *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764.
[46] *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1106.
[47] *Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F.3d 1120, 1124.
[48] See Complaint.

However, Plaintiffs allegations of fraud do not pertain to the loan itself, but rather sales puffery as to what he could do with the proceeds from refinancing the loan.[49]

2. Plaintiff Acknowledges He Obtained a Loan.

In addition to failing to allege the "who, what, when, where, and how" of fraud as it pertains to Defendants, Plaintiff argues that no loan was ever made to Defendants and concludes that the foreclosure sale is invalid. First, by Plaintiff's own admissions and exhibits, a loan for over $1.3 million dollars was extended to Plaintiff.[50] Secondly, loan was assigned to the Trust and Plaintiff subsequently defaulted on the loan.[51] There are no facts alleged to suggest any misrepresentation by the Defendants.

**D. <u>Without State Action, There Cannot be a Constitutional Violation.</u>**

Plaintiff alleges U.S. Constitutional violations under 18 U.S.C. §§ 241 and 242. However, a nonjudicial foreclosure sale is not state action and is immune from the procedure due process requirements of the 14th Amendment.[52] Without state action, there cannot be a Constitutional claim, nor does Plaintiff allege any facts to support a violation of the U.S. Constitution against the Defendants. Accordingly, this claim fails as a matter of law.

**E. <u>Plaintiff's Request for Consolidation is Moot.</u>**

Plaintiff's 10th claim for "Consolidation of Consolidation of Related Actions With Removed State Court, Unlawful Detainer Complaint Case Number CLJ203244" requests that the State Court Action is consolidated with this action. However, the UD Action has been remanded to state court, thereby rendering this claim moot.[53]

///

---

[49] See Complaint ¶¶ 29 – 32.
[50] See Complaint, generally.
[51] See Corporate Assignment, attached as Exhibit "3" to the RJN.
[52] *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268.
[53] See Order to Remand, attached as Exhibit "6" to the RJN.

## IV.

## CONCLUSION

For all of the reasons set forth above, the moving Defendants request that the Motion to Dismiss is granted without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February 21, 2012 By: *_/s/ William J. Idleman_*

Jonathan M. Zak, Esq.
Gwen H. Ribar, Esq.
William J. Idleman, Esq.
Attorneys for Defendants, JAN ESTEP, U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE AJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE , SERIES 2007-3; TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING INC., a Utah Corporation qualified to do business in California; OLIVIA A TODD, NATIONAL DEFAULT SERVICING CENTER INC., an Arizona Corporation qualified to do business in California ("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELEINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD and RONALD M. ARLAS

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On February 21, 2012 served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF and REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all interested parties in this action as follows:

[x] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Marshall E. Mikels
207 Shasta Avenue
Mount Shasta, CA 96067
530-918-4162
***Plaintiff Pro Se***

[X] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[ ] (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Overnight Express

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 21, 2012 at Newport Beach, California.

Cielo Tucay