UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL E. MIKELS,<br><br>Plaintiff,<br><br>v.<br><br>JAN ESTEP, *et al.*,<br><br>Defendants.<br>_____/ | No. C-12-0056 EMC<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION, AND (2) DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**<br><br>**(Docket Nos. 24, 26)** |

Defendants' motions to dismiss and strike portions of Plaintiff Marshall E. Mikels's complaint came on for hearing before the Court on April 6, 2012. Docket Nos. 24, 26. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss, **DENIES** Defendants' motion to strike as moot, and dismisses this case for lack of subject matter jurisdiction.

### I. FACTUAL & PROCEDURAL HISTORY

In early June 2007, Plaintiff was approached by Erick Brass, a Senior Loan Officer at Defendant Fisher Financial, Inc. Compl. ¶ 25. Brass recommended that Plaintiff invest in the stock market, and suggested that Plaintiff take out a loan quickly before interest rates went up. Compl. ¶¶ 25, 26. Although Plaintiff had concerns regarding the adjustable rate note and the possibility that the interest rate on the loan would reset to a higher rate at the end of five years, Brass assured him that they could rewrite the loan to keep the payments low. Compl. ¶ 27. Plaintiff then executed an Adjustable Rate Note on July 11, 2007, in the amount of $1,350,000. Compl. ¶ 44; Compl. Exh. B ("Adjustable Rate Note"). The loan was secured by a Deed of Trust, which named the Lender as

Defendant Fisher Financial Group, the Trustee as Ticor Title, and the beneficiary as Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Compl. Exh. C ("Deed of Trust").

Plaintiff then apparently invested in the stock market but ultimately lost $633,711 in the investment markets, paid $162,331 in commissions, and lost approximately $1M of equity in his house. Compl. ¶ 46. Contrary to Brass's prior assurances, Plaintiff's loan was not refinanced because his loan was sold to investors in a securitized Loan Trust. Compl. ¶ 29. Plaintiff further alleges that the loan was designed to fail. Compl. ¶ 50.

Plaintiff was ultimately unable to make his payments on the loan note. Compl. ¶ 46. A Notice of Default was recorded by Defendant National Default Servicing Corporation in November 2009, which stated that the amount of $87,840.10 was overdue. Compl. Exh. D ("Notice of Default"). In January 2010, Defendants recorded a document substituting Defendant National Default Servicing Corporation for Ticor Title as trustee. Compl. Exh. F ("Substitution of Trustee"). Defendant National Default Servicing subsequently recorded a Notice of Trustee's Sale on February 8, 2010, which stated that the unpaid balance was $1,451,289.88. Compl. Exh. E ("Notice of Trustee's Sale"). A trustee's sale was set for March 2, 2010. Notice of Trustee's Sale. In August 2010, Defendant National Default Servicing recorded a trustee's deed, memorializing the transfer of the Subject Property to Defendant U.S. Bank National Association. Docket No. 24, Exh. 5 ("Trustee's Deed").

Defendant U.S. Bank National Association brought an unlawful detainer action against Plaintiff in San Mateo County Superior Court in January 2011. Plaintiff twice attempted to remove the case to federal court, and was rejected both times. Plaintiff filed his own lawsuit against Defendants in January 2012, bringing claims for: (1) fraud; (2) violations of 15 U.S.C. § 1635, 15 U.S.C. § 1640, 12 C.F.R. § 226, and 15 U.S.C. § 2601; (3) constitutional violations under 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1503; (4) injunctive relief; (5) accounting; (6) declaratory relief; and (7) consolidation with the unlawful detainer case. Defendants move to dismiss Plaintiff's complaint in its entirety. Docket No. 24 ("Motion to Dismiss"). Defendants also move to strike all allegations against Defendants Wright, Finlay & Zak LLP, Robin Prima Wright, T. Robert Finlay,

2

Jonathan M. Zak, William J. Idleman, Madeleine K. Lee, Nicole M. Hoffman, David A. Wood, and Ronald M. Arlas. Docket No. 26 ("Motion to Strike").

## II. DISCUSSION

A. <u>Standard of Review</u>

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court may consider facts alleged in the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice of.[1] *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). The complaint must be construed in a light most favorable to the non-moving party and all material allegations in the complaint are to be taken true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, this favorable construction does not apply to "legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While a complaint does not normally need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (quoting *Ashcroft*, 129 S. Ct. at 1949). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949. This threshold is reached when the plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

---

[1] Defendants request judicial notice of the: (1) Deed of Trust and Adjustable Rate Note, (2) Notice of Default, (3) Corporate Assignment of Deed Trust, (4) Notice of Trustee's Sale, (5) Trustee's Deed, and (6) February 2012 Order granting the motion to remand in the unlawful detainer case. Docket No. 25. The Deed of Trust, Adjustable Rate Note, Notice of Default, and Notice of Trustee's Sale were already introduced by Plaintiff as part of the complaint. The Corporate Assignment and Trustee's Deed are matters of public record. Finally, the February 2012 Order is a correct copy of Case No. 12-47-CW, Docket No. 14.

1    If dismissal is appropriate, leave to amend should be freely given unless "amendment of the
2 complaint would be futile." *Albrecht v. Lurid*, 845 F.2d 193, 195 (9th Cir. 1988). Thus, where the
3 Court "determines that the 'allegation of other facts consistent with the challenged pleading could
4 not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Id.* (quoting
5 *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986))

B.  Truth-in-Lending-Act ("TILA") Rescission

Plaintiff claims that the loan note and deed of trust were rescindable because of the lender's failure to make disclosures required by TILA. Compl. ¶¶ 69, 72. Plaintiff alleges that he served a Notice of Cancellation and Automatic Voiding of the Deed of Trust on the Defendants who wrongfully claimed an interest in the Subject Property in March 2010. Compl. ¶ 64; Compl. Exh. 4 ("Notice of Cancellation").

The Court finds that Plaintiff's TILA claims for civil liability are time-barred. An action for civil liability must be brought within one year from the date of occurrence. 15 U.S.C. § 1640(e). In the instant case, Plaintiff obtained the loan on July 11, 2007, but did not file his complaint until January 4, 2012. *See* Compl.; Adjustable Rate Note. Accordingly, the Court dismisses Plaintiff's TILA claims for civil liability with prejudice.

The Court also finds that Plaintiff's rescission claim is time-barred. Generally, under TILA "[i]f required disclosures are not made, the consumer may rescind." *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170 (9th Cir. 2003) (citing 15 U.S.C. § 1635(a)). Under 15 U.S.C. § 1635(a), a borrower has a right to rescind a loan secured by the borrower's residence by providing notice to the creditor. Where all material disclosures of the right to rescind were made, the borrower has three days to notify the creditor of the rescission. Where, however, proper notice of rescissions rights is not delivered to the consumer at the time of closing, 15 U.S.C. § 1635(f) extends the borrower's right such that the borrower may bring a lawsuit seeking rescission within three years. This three year period is not merely a statute of limitations; instead, the Ninth Circuit has found that 15 U.S.C. § 1635(f) is a "statute of repose, depriving the courts of subject matter jurisdiction where a § 1635 claim is brought outside the three-year limitation period." *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012). Thus, "rescission suits must be brought within three

years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period." *Id.* at 1328 (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998)).

In the instant case, Plaintiff obtained the loan on July 11, 2007. Thus, the three year limitation period would have ended on July 11, 2010, whereas the complaint was not filed until January 4, 2012. Although Plaintiff sent Defendants a timely notice of rescission, notification of rescission does not extend the time limit imposed by § 1635(f). *See id.* Instead, Plaintiff was required to file his suit within the three year limitation period, regardless of whether Plaintiff sent a timely notice of rescission. Because Plaintiff did not bring a suit within three years, Plaintiff's right to rescind was extinguished.

Even if Plaintiff's right to rescind was not barred by the three years limitations period, Plaintiff's claim is still barred because Plaintiff cannot pay back the amount borrowed. To complete rescission, Plaintiff is required to return the money loaned by Defendants, which Plaintiff has not alleged that he can do. Accordingly, because Plaintiff's right to rescind is barred by the three years limitation period and by Plaintiff's failure to allege that he can return the borrowed amount, the Court dismisses Plaintiff's TILA claims with prejudice.

C. <u>Constitutional Violations</u>

Plaintiff asserts violations of 18 U.S.C. § 241 and 18 U.S.C. § 242, alleging that Defendants and their attorneys have used civil law and the state court to deny Plaintiff's right to a jury trial. Compl. ¶ 91. Plaintiff also contends that Defendants conspired to forge documents to conduct an unlawful trustee's sale and eviction action. Compl. ¶ 92.

18 U.S.C. § 241 prohibits "two or more persons from conspiring to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 242 prevents a person from acting under color of law, statute, ordinance, regulation or custom to subject any person to the deprivation of rights, privileges, or immunities secured or protected by the Constitution or United States laws.

The Court finds that Plaintiff cannot bring claims under 18 U.S.C. § 241 or 18 U.S.C. § 242 because these are both criminal statutes, whereas the instant case is a civil suit. The Ninth Circuit

has found that criminal statutes such as 18 U.S.C. § 241 and 18 U.S.C. § 242 provide no basis for civil liability. *E.g.*, *Agnew v. Compton*, 239 F.2d 226, 230 (9th Cir. 1956) ("Appellant first points to 18 U.S.C. 241 and 242. As these are criminal statutes, however, they provide no basis for this civil suit."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."). Further, 18 U.S.C. § 242 requires that one of the parties to the conspiracy is a federal or state officer acting under color of law. *See Brown v. United States*, 204 F.2d 247, 250 (6th Cir. 1953). As none of the Defendants are government officials, 18 U.S.C. § 242 would not apply in this case even if it was not a criminal statute. Accordingly, the Court dismisses Plaintiff's 18 U.S.C. § 241 and 18 U.S.C. § 242 claims with prejudice.

D.   Consolidation with Unlawful Detainer Complaint

Plaintiff seeks to consolidate this action with Case No. CLJ203244, the unlawful detainer action filed by U.S. Bank National Association in San Mateo County Superior Court. *See* Compl. Exh. F. Federal Rule of Civil Procedure 42 permits consolidation of "actions before the court [that] involve a common question of law or fact." Generally, the court may only consolidate actions which are properly before the same court. *Or. Egg Producers v. Andrews*, 458 F.2d 382, 383 (9th Cir. 1972). Applying this principle, the court in *Dodd v. Federal Home Loan Mortgage Corp.* refused to consolidate a federal claim challenging the origination of a refinance loan and the foreclosure sale of the plaintiff's home with an unlawful detainer action pending in state court. No. Civ. S-11-1603 JAM EFB PS, 2011 WL 6370032, at *13 (E.D. Cal. Dec. 19, 2011). The court found that it lacked subject matter jurisdiction over the unlawful detainer action, and thus could not consolidate that case with the wrongful foreclosure case.

Like *Dodd*, the Court lacks subject matter jurisdiction over the unlawful detainer action. Plaintiff has twice attempted to remove the unlawful detainer action to federal court, and the court has twice remanded the unlawful detainer action back to state court. Plaintiff has further been warned not to remove the case in the future. *U.S. Bank Nat'l Ass'n v. Mikels*, Case No. 12-47 CW, 2012 U.S. Dist. LEXIS 18996, at *5, 7 (N.D. Cal. Feb. 15, 2012). As the unlawful detainer action

6

1  cannot be removed to federal court, there is no case for the Court to consolidate with.  Accordingly,
2  Plaintiff's request to consolidate the cases is moot, and this claim is dismissed with prejudice.

3  E.  Jurisdiction

4  Because the Court has dismissed Plaintiff's federal claims with prejudice, Plaintiff's
5  remaining claims are limited to state causes of action.  Without these federal claims, the Court lacks
6  federal question jurisdiction over this case.  The Court refuses to extend supplemental jurisdiction
7  over the state claims.  28 U.S.C. § 1367(c)(3).

8  The Court also finds that it lacks diversity jurisdiction over this case, as both Plaintiff and
9  several of the named Defendants are California citizens.  Under 28 U.S.C. § 1332(a)(1), courts have
10 diversity jurisdiction only if there is "complete diversity between the parties – each defendant must
11 be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative*
12 *Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).  In the instant case, several of the named Defendants
13 are California citizens, thus destroying diversity jurisdiction.

14 Without federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction
15 over this case.  The Court thus dismisses the remaining causes of action for lack of jurisdiction.

16 Even if Plaintiff could amend the complaint to assert some basis of jurisdiction over the state
17 claims, the Court notes substantial problems with these claims.  First, Plaintiff's fraud claims are
18 likely barred by the statute of limitations, as California Code of Civil Procedure § 338(d) has a three
19 year statute of limitations.  In the instant case, Plaintiff's loan originated in July 2007 but the
20 complaint was not filed until January 2012, more than four years after the loan was made.  Plaintiff
21 not only alleges no basis for tolling, but had access to papers which disclosed the terms of the loan
22 and with reasonable diligence would have been able to discover any problems related to the terms of
23 the agreement.  *See Hague v. Wells Fargo Bank, N.A.*, No. C 11-02366 TEH, 2012 U.S. Dist. LEXIS
24 41013, at *14 (N.D. Cal. Mar. 26, 2012) (dismissing fraud claim where the plaintiff did not explain
25 why he did not discover the fraud until after the loan was taken out); *Manosca v. Wachovia Mortg.*,
26 No. C 11-2183 SI, 2011 U.S. Dist. LEXIS 78609, at *13-14 (N.D. Cal. July 20, 2011) (dismissing
27 fraud claim based on statements made at the origination of the loan where the plaintiff did not assert
28 any basis for tolling).

Second, Plaintiff's wrongful foreclosure claims are likely barred by the tender rule, which requires that Plaintiff allege tender in order to maintain his challenge to the non-judicial foreclosure sale. While tender is not required where a sale is void, rather than simply voidable, the judicially noticeable documents in this case demonstrate that the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed were properly filed by parties with interest. Thus, for Plaintiff to maintain a cause of action for improper foreclosure, Plaintiff would have to allege his ability to tender the amount of debt, which Plaintiff has failed to do.[2]

Third, Plaintiff's accounting has no apparent factual basis. Instead, Plaintiff argues that he is entitled to an accounting because Defendants made a loan to Plaintiff and thus "it should not be a problem for them to do an Accounting and produce Discovery and Production of Documents and Interrogatories that prove where the money came from and who funded it or loaned it." Compl. ¶ 117. However, "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLouglin*, 173 Cal. App. 4th 156, 179 (2009). Defendants' ability to do an accounting is alone insufficient to support a claim for accounting; Plaintiff must allege that he is entitled to an accounting or that an accounting is necessary.

F.  Motion to Strike

Defendants also move to strike allegations relating to the law firm of Wright, Finlay & Zak LLP and several of the firm's attorneys. Motion to Strike at 2. Because the Court is dismissing Plaintiff's complaint, the Court denies the motion to strike as moot.

## III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's claims for TILA rescission, constitutional violations, and consolidation with the unlawful

---

[2] In his opposition, Plaintiff states that he will deposit $20 as tender to retain his right to have a trial before a jury. Docket No. 31 at 7 ¶ 14 ("Opp."). Plaintiff's argument appears to be based on the Seventh Amendment, which preserves the right to a jury trial in cases where the value in controversy exceeds $20. However, Plaintiff's ability to preserve his right to a jury trial is distinct from satisfaction of the tender rule to maintain a challenge to the foreclosure. Plaintiff has not alleged tender of the remaining amount owed, or $1,451,289.88. Notice of Trustee's Sale.

8

detainer claims. Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction. For the reasons stated above, any amendment would be futile. Therefore, the Court dismisses without leave to amend. The Court **DENIES** Defendants' motion to strike as moot. The Clerk of the Court is directed to close the file in this case.

This order disposes of Docket Nos. 24 and 26.

IT IS SO ORDERED.

Dated: April 12, 2012

_____
EDWARD M. CHEN
United States District Judge