WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
Kaelee M. Gifford, Esq. SBN 303533
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
(949) 477-5050; Fax: (949) 608-9142
gribar@wrightlegal.net; kgifford@wrightlegal.net

Attorney for Defendants,
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ADJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE, SERIES 2007-3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TIMOTHY O'BRIEN; SELECT PORTFOLIO SERVICING, INC.; OLIVIA A. TODD, NATIONAL DEFAULT SERVICING CENTER INC.; WRIGHT FINLAY & ZAK, LLP; ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK; WILLIAM J. IDLEMAN; MADELEINE K. LEE; NICHOLE M. HOFFMAN; DAVID A. WOOD; and RONALD M. ARLAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSHALL E. MIKELS<br><br>Plaintiff,<br><br>vs.<br><br>JAN ESTEP, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ADJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICAE, SERIES 2007-3, CHAF FISHER, FISHER FINANCIAL GROUP, INC. dba NATIONS CHOICE MORTGAGE, INC, an Arizona Corporation qualified to do business in California; R.K. ARNOLD; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Virginia Corporation ("MERS"); TIMOTHY O'BRIEN, SELECT PORTFOLIO SERVICING, INC., an Arizona Corporation qualified to do business in California | Case No: 3:12-cv-00056-EMC<br><br>**OPPOSITION TO MOTION TO VACATE ORDER OF DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**<u>Hearing</u>**<br>Date: March 3, 2016<br>Time: 1:30 p.m.<br>Dept.: 34<br><br>**Case Dismissed: April 12, 2012** |

("NDSC"), WRIGHT FINLAY & ZAK, LLP, ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK, WILLIAM J. IDLEMAN, MADELINE K. LEE, NICHOLE M. HOFFMAN, DAVID A. WOOD, RONALD M. ARLAS, DOES 1-100 et al

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ADJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE, SERIES 2007-3 ("the Trust"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TIMOTHY O'BRIEN; SELECT PORTFOLIO SERVICING, INC.; OLIVIA A. TODD, NATIONAL DEFAULT SERVICING CENTER INC.; WRIGHT FINLAY & ZAK, LLP; ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK; WILLIAM J. IDLEMAN; MADELEINE K. LEE; NICHOLE M. HOFFMAN; DAVID A. WOOD; and RONALD M. ARLAS (collectively "Defendants") hereby oppose Plaintiff's untimely Motion to Vacate Order of Dismissal ("the Motion") as follows:

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

Plaintiff's Motion fails under Federal Rules of Civil Procedure (FRCP) Rule 60(c) because it was filed some four years after this Court issued its Order dismissing Plaintiff's case with prejudice. For this reason alone, Plaintiff's Motion must be denied as untimely.

Notwithstanding the above, the fact remains that Plaintiff's Motion constitutes a direct violation of an August 27, 2013 Order issued by the California Court of Appeal which specifically forbid Plaintiff from challenging the dismissal of his litigation and/or otherwise

attempting to reinstate it. Thus, even if Plaintiff could somehow justify the untimeliness of his Motion, it must nevertheless be denied.

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 18, 2007, Plaintiff obtained a loan in the amount of $1,350,000.00 ("the Loan"), the repayment of which was secured by a Deed of Trust recorded against real property located at 115 5th Avenue San Mateo, CA 94402 (the "Property").The Loan was eventually assigned to the Trust. After receiving the Loan, Plaintiff quickly defaulted on his repayment obligations. . After Plaintiff failed to the cure the arrearages owed, the Property was eventually foreclosed upon, resulting in title reverting back to the Trust by virtue of a Trustee's Deed Upon Sale.

After the foreclosure, Plaintiff initiated the instant action against Defendants in January 2012, alleging claims for: (1) fraud; (2) violations of 15 U.S.C. § 1635, 15 U.S.C. § 1640, 12 C.F.R. § 226, and 15 U.S.C. § 2601; (3) constitutional violations under 18 U.S.C. §1503 (4) injunctive relief; (5) accounting; (6) declaratory relief; and (7) consolidation of an unlawful detainer action filed by the Trust. On April 12, 2012, this Court dismissed the case without leave to amend ("Dismissal Order").Plaintiff appealed the Dismissal Order but, on August 27, 2013, Plaintiff's appeal was dismissed <u>with</u> prejudice. In its order, the Court of Appeal went out of its way to bar any subsequent efforts by Plaintiff to challenge its ruling. Specifically, it held that <u>no motions for reconsideration, rehearing, clarification, or modification as they pertain to this case shall be entertained</u> (A true and correct copy of the Court of Appeal's August 27, 2013 Order is attached hereto as Exhibit "1"). Now, some two years after the Court of Appeal specifically forbid Plaintiff from challenging the Dismissal Order, Plaintiff brings the instant Motion, attempting to do just that.

## III. DISCUSSION

### A. <u>Plaintiff's Motion is Untimely</u>

Quite simply, the Motion, which Plaintiff brings some four years after the case was dismissed, must be denied as untimely irrespective of whether Plaintiff has discovered new

evidence to support his case.

Pursuant to FRCP 60(c)(1), a motion brought on the basis of newly discovered evidence must be made within a reasonable time no more than a year after the entry of the judgment or order. In this case, the Order in question was issued on April 12, 2012. Thus, Plaintiff was required to bring the Motion no later than April 12, 2013. Because Plaintiff did not bring the Motion until some two and a half years later, it must be denied as untimely.

**B. Plaintiff's Motion is in Violation the Court of Appeal's Order**

In addition to the above, the Motion must be denied because it is in direct violation of the Court of Appeal's August 27, 2013 Order. (See August 27, 2013 Order attached hereto as Exhibit "1"). This Order specifically states that Plaintiff's appeal was dismissed with prejudice as to reinstatement. (*Id*). Further, the Order provides that "No motions for reconsideration, rehearing, clarification, or modification of this order's provisions as they pertain to the dismissal of this case shall be entertained." (*Id*).

The Motion represents the very same conduct the Court of Appeal specifically forbid. As such, it must be denied.

///

///

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

In light of the foregoing, Plaintiff's untimely Motion must be denied.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: January 27, 2016

By: */s Kaelee M. Gifford. Esq.*

Gwen H. Ribar, Esq.
Kaelee M. Gifford, Esq.
Attorney for Defendants,
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ADJUSTABLE RATE MORTGAGE TRUST 2007-3 ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATE, SERIES 2007-3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TIMOTHY O'BRIEN; SELECT PORTFOLIO SERVICING, INC.; OLIVIA A. TODD, NATIONAL DEFAULT SERVICING CENTER INC.; WRIGHT FINLAY & ZAK, LLP; ROBIN PRIMA WRIGHT, T. ROBERT FINLAY, JONATHAN M. ZAK; WILLIAM J. IDLEMAN; MADELEINE K. LEE; NICHOLE M. HOFFMAN; DAVID A. WOOD; and RONALD M. ARLAS

# EXHIBIT 1

Case: 12-16007 08/27/2013 ID: 8760044 DktEntry: 21 Page: 1 of 1

FILED

AUG 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHALL E. MIKELS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JAN ESTEP; et al.,<br><br>Defendants - Appellees. | No. 12-16007<br><br>D.C. No. 3:12-cv-00056-EMC<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Before: SCHROEDER, LEAVY, and BERZON, Circuit Judges

The appellant's opposed motions for an eighth and ninth extensions of time to file the opening brief are denied.

The appellees' motion to dismiss is granted. The appeal is dismissed with prejudice to reinstatement.

No motions for reconsideration, rehearing, clarification, or modification of this order's provisions as they pertain to the dismissal of this case shall be entertained.

This order constitutes the mandate of this court.

Judge Berzon dissents from the order.

GS 07/29/13/Pro Mo