UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL E. MIKELS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAN ESTEP, et al.,<br><br>    Defendants. | Case No. 12-cv-00056-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE APRIL 12, 2012 ORDER OF DISMISSAL**<br><br>Docket No. 52 |

## I.   INTRODUCTION

On July 7, 2007, Marshall E. Mikels ("Plaintiff") obtained a loan from Defendant Fisher Financial Group for $1,350,000. Plaintiff invested in the stock market and lost approximately $800,000 and nearly $1,000,000 of equity in his property. Consequently, Plaintiff was unable to make payments on the loan and a Notice of Default was recorded against him in November 2009. Defendant National Default Servicing recorded a Notice of Trustee's Sale on February 8, 2010, which stated that the unpaid balance was $1,451,289.88. On March 29, 2010, Plaintiff notified Defendants, whom Plaintiff alleges wrongfully claimed an interest in his property, that he wanted to rescind the loan. On August 6, 2010, the property was sold at a public auction and Defendant U.S. Bank National Association became the owner of the property on August 17, 2010.

Plaintiff filed suit against Defendants on January 4, 2012 bringing a variety of claims, including Truth in Lending Act ("TILA") damages and TILA rescission claims. On April 12, 2012, this Court granted Defendants' Motion to Dismiss for failure to state a claim and for lack of jurisdiction. This Court found that Plaintiff's TILA damages claim was time-barred because he did not bring the claim within one year from the date of occurrence of the violation. Additionally, this Court determined that under the applicable law at the time Plaintiff's TILA rescission claim

was also time-barred because he did not file a lawsuit within the three-year limitations period and did not allege that he could tender the value of the loan to Defendants.

Plaintiff now brings a Motion to Vacate under Rule 60(b)(5) of the Federal Rules of Civil Procedure,[1] seeking relief from the April 12, 2012 Order. He relies on a U.S. Supreme Court decision, *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), which held that a borrower only needs to provide written notice to the lender within three years of the date the transaction was consummated, not file suit within that three-year period in order to exercise the right to rescind a loan under TILA.

Having considered the parties' briefs, accompanying exhibits, oral argument presented at the hearing on March 3, 2016, and all other evidence of record, the Court hereby **DENIES** Plaintiff's motion.

## II.   FACTUAL BACKGROUND

In early June 2007, Erick Brass, a Senior Loan Officer at Defendant Fisher Financial, Inc. approached Plaintiff. Compl. ¶ 25. Brass recommended that Plaintiff invest in the stock market and suggested that Plaintiff take out a loan quickly before interest rates went up. Compl. ¶¶ 25, 26. Although Plaintiff had concerns regarding the adjustable rate note and the possibility that the interest rate on the loan would reset to a higher rate at the end of five years, Brass assured him that they could rewrite the loan to keep the payments low. Compl. ¶ 27. Plaintiff then executed an Adjustable Rate Note on July 11, 2007 in the amount of $1,350,000. Compl. ¶ 44; Compl. Exh. B ("Adjustable Rate Note"). The loan was secured by a Deed of Trust, which named the Lender as Defendant Fisher Financial Group, the Trustee as Ticor Title, and the beneficiary as Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Compl. Exh. C ("Deed of Trust").

Plaintiff then apparently invested in the stock market but ultimately lost $633,711 in the investment markets, paid $162,331 in commissions, and lost approximately $1M of equity in his house. Compl. ¶ 46. Contrary to Brass's prior assurances, Plaintiff's loan was not refinanced because his loan was sold to investors in a securitized Loan Trust. Compl. ¶ 29. Plaintiff further

---

[1] All further undesignated references to federal rules are to the Federal Rules of Civil Procedure.

alleges that the loan was designed to fail. Compl. ¶ 50.

Plaintiff was ultimately unable to make his payments on the loan note. Compl. ¶ 46. A Notice of Default was recorded by Defendant National Default Servicing Corporation in November 2009, which stated that the amount of $87,840.10 was overdue. Compl., Exh. D ("Notice of Default"). In January 2010, Defendants recorded a document substituting Defendant National Default Servicing Corporation for Ticor Title as trustee. Compl., Exh. F ("Substitution of Trustee"). Defendant National Default Servicing subsequently recorded a Notice of Trustee's Sale on February 8, 2010, which stated that the unpaid balance was $1,451,289.88. Compl., Exh. E ("Notice of Trustee's Sale"). A trustee's sale was set for March 2, 2010. *Id.* On March 29, 2010, Plaintiff served a "Notice of Cancellation and Automatic Voiding of the Deed of Trust" on the Defendants whom Plaintiff alleges wrongfully claimed an interest in the subject property. Compl. ¶ 64; Compl., Exh. 4, Docket No. 1–2 at 74–90. ("Notice of Rescission"). On August 6, 2010, the property was sold at a public auction and on August 17, 2010, Defendant National Default Servicing recorded a trustee's deed, memorializing the transfer of the subject property to Defendant U.S. Bank National Association. Docket No. 25, Exh. 5 ("Trustee's Deed").

Defendant U.S. Bank National Association brought an unlawful detainer action against Plaintiff in San Mateo County Superior Court in January 2011. Compl. ¶ 78; Docket No. 25, Exh. 6. Plaintiff twice attempted to remove the case to federal court, and was rejected both times. Docket No. 25, Exh. 6. Plaintiff filed this lawsuit against Defendants on January 4, 2012, bringing claims for: (1) fraud; (2) violations of 15 U.S.C. § 1635, 15 U.S.C. § 1640, 12 C.F.R. § 226, and 15 U.S.C. § 2601; (3) constitutional violations under 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1503; (4) injunctive relief; (5) accounting; (6) declaratory relief; and (7) consolidation with the unlawful detainer case. Compl. Defendants moved to dismiss Plaintiff's complaint in its entirety. Docket No. 24 ("Motion to Dismiss").

On April 12, 2012, this Court granted Defendants' Motion to Dismiss for failure to state a claim and for lack of jurisdiction. Docket No. 42 ("April 12, 2012 Order"). This Court granted the Motion to Dismiss, in part, finding that Plaintiff's TILA civil liability (damages) claim was time-barred because he did not bring the claim within one year from the date of occurrence of the

3

violation. *Id.* at 4. Additionally, the Court determined that Plaintiff's TILA rescission claim was also time-barred because "Plaintiff was required to file his suit within the three year limitations period, regardless of whether Plaintiff sent a timely notice of rescission" and, therefore, since "Plaintiff did not bring a suit within three years, Plaintiff's right to rescind was extinguished." *Id.* at 5. The Court also found that even if Plaintiff's right to rescind was not time-barred, his rescission claim was still barred because Plaintiff did not allege that he could tender the money loaned by Defendants. *Id.*

On April 25, 2012, Plaintiff appealed this Court's Order. Docket No. 43. On August 27, 2013, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal with prejudice to reinstatement. Docket No. 50 at 1 ("Ninth Circuit Order"). The Court of Appeals also stated, "No motions for reconsideration, rehearing, clarification, or modification of this order's provisions as they pertain to the dismissal of this case shall be entertained." *Id.*

On January 13, 2016, Plaintiff filed the instant Motion to Vacate the April 12, 2012 Order, requesting that this Court: (1) take judicial notice of *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015); (2) strike Defendants' Motion to Dismiss, Answer, and all other filings due to the lack of standing; and (3) grant relief sought in Plaintiff's complaint for fraud and other claims. Docket No. 52 ("Motion to Vacate"). Properly construed, the motion is brought under Rule 60(b)(5). Plaintiff argues that per *Jesinoski*, he was not required to file a lawsuit within three years from the date he consummated the loan in order to exercise the right of rescission under TILA. Mot. at 11–13 (referring to *Jesinoski*, 135 S. Ct. at 792). Furthermore, although Plaintiff did not cite nor brief *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023 (9th Cir. 2014) in his Motion to Vacate, the Court acknowledges that in *Merritt*, the Ninth Circuit modified the applicability of the "tender rule," holding that a borrower does not have to plead the ability to tender the value of the loan. *Merritt*, 759 F.3d at 1033.

### III. DISCUSSION

A. <u>Plaintiff's Rule 60(b)(5) Motion is Untimely</u>

Plaintiff makes a Rule 60(b)(5) motion because he relies on a change in law as the grounds

4

for his Motion to Vacate.[2] Fed. R. Civ. P. 60(b)(5); *Agostini v. Felton*, 521 U.S. 203, 237 (1997). Under Rule 60(b)(5), a court may relieve a party from a final judgment or order if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). A change in decisional law may entitle the moving party to relief under Rule 60(b)(5). *Agostini*, 521 U.S. at 237.

However, Plaintiff's Rule 60(b)(5) motion was not made within a reasonable time as required by Rule 60(c)(1). Under *Ashford v. Steuart*, reasonable time "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." 657 F.2d 1053, 1055 (9th Cir. 1981); *see also Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–31 (5th Cir. 1976); *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067–68 (10th Cir. 1980). Here, Plaintiff relies on the *Jesinoski* opinion by the U.S. Supreme Court, which was decided on January 13, 2015. Mot. at 11–13. Plaintiff filed his Motion to Vacate exactly one year later on January 13, 2016. Mot. at 1. Applying the *Ashford* factors, this Court has a great interest in the finality of its orders, especially one that was entered in this Court on April 12, 2012, and which was not disturbed on appeal. Second, Plaintiff does not give any reason for the one-year delay after *Jesinoski* was decided. In fact, at the hearing Plaintiff stated that he learned about the *Jesinoski* opinion six months prior, but did not explain why he waited to file. Third, granting this Rule 60(b) motion would be highly prejudicial to Defendants, all of whom reasonably expected that this matter would be resolved after being adjudicated nearly four years ago. Furthermore, Defendants no longer have any stake in the property, as the property has been subsequently sold. Accordingly, the Court **DENIES** Plaintiff's Motion to Vacate as untimely.

---

[2] Defendants argue that Plaintiff's motion must be denied because it is in direct violation of the Ninth Circuit's August 27, 2013 Order. Docket No. 57 at 4. However, the Ninth Circuit Order does not forbid Plaintiff from making a motion under Rule 60(b) in this Court, seeking relief from a judgment or order. The Ninth Circuit prohibits any motions for reinstatement of the appeal and any potential motions for reconsideration, rehearing, clarification, or modification of its own order. Ninth Circuit Order at 1.

B. <u>Truth in Lending Act (TILA) Claims</u>

Even if Plaintiff's Motion to Vacate were timely, Plaintiff would not be entitled to relief on either his TILA damages claim or rescission claim.

1. <u>TILA Damages Claim</u>

In the April 12, 2012 Order, this Court found that Plaintiff's TILA claim for damages was time-barred because Plaintiff did not bring the claim within one year from the date of occurrence of the violation. April 12, 2012 Order at 4; 15 U.S.C. § 1640(e). The limitations period in 15 U.S.C. § 1640(e) runs from the date of the consummation of the transaction. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff obtained the loan on July 11, 2007 (Adjustable Rate Note), filed his Notice of Rescission on March 29, 2010 (Notice of Rescission), but did not file his complaint until January 4, 2012 (Compl.). Therefore, Plaintiff should have brought his TILA damages claim by July 11, 2008.

Plaintiff now asserts that his claim for TILA damages should be subject to equitable tolling. Mot. at 10–11. The Ninth Circuit has held:

> that the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.

*King*, 784 F.2d at 915. Here, even taking a generous view of the viability of Plaintiffs' tolling arguments, Plaintiff provided his Notice of Rescission to Defendants on March 29, 2010, where he claims that the certain material disclosures were not delivered to him. Notice of Rescission at 76–77. By his own admission then, Plaintiff discovered the nondisclosures which form the basis of his action on March 29, 2010 and thus, even if given the benefit of tolling up until that point, had until March 29, 2011 to file his lawsuit claiming TILA damages. *Id.* He did not. Indeed, Plaintiff had hired Marie McDonnell, a Mortgage Fraud and Forensic Analyst, who informed Plaintiff at some time between February 28, 2010 and March 10, 2010 "that a Notice of Loan Rescission under the Federal Truth and Lending Act (TILA) was another option that was available to him for

6

consumer protection in the case of fraud and non-disclosure . . . ." Docket No. 1–1 at 13–14, ¶¶ 8–11 (McDonnell Decl.); Docket No. 1–1 at 22 (Summary of Marie McDonnell's Loan Analysis). Thus, Plaintiff had discovered the fraud or nondisclosures that formed the basis of his TILA action as early as March 2010, but did not file this lawsuit until twenty-one months later on January 4, 2012. The suit for damages under TILA is untimely.

Plaintiff's contention that the filing date of the *Jesinoski* opinion creates a new tolling period that starts the statute of limitations for TILA damages anew is unavailing: *Jesinoski* discusses how TILA rescission rights; it has nothing to do with equitable tolling of TILA claims for damages. Mot. at 10. Plaintiff also argues that Defendant U.S. Bank National Association's unlawful detainer action brought against him in state court in January 2011 should equitably toll his TILA damages claim.[3] Mot. at 10–11. This argument is unavailing because nothing prevented Plaintiff from filing a TILA lawsuit in federal court within the statutory period. Accordingly, Plaintiff's Motion to Vacate this Court's dismissal of his TILA damages claim in the April 12, 2012 Order is **DENIED**.

    2.    TILA Rescission Claim

This Court dismissed Plaintiff's TILA rescission claim with prejudice in the April 12, 2012 Order. April 12, 2012 Order at 5. The Court found that his TILA rescission claim was time-barred because Plaintiff did not file a lawsuit within the three-year limitations period. *Id.* at 4–5. As noted above, in 2015, the Supreme Court subsequently held that 15 U.S.C. § 1635(a) "leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind . . . so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Jesinoski*, 135 S. Ct. at 792. Thus, this Court's April 12, 2012 Order is not consistent with the Supreme Court's holding.

---

[3] Plaintiff incorrectly contends in his motion that Defendants brought the unlawful detainer action on April 1, 2011. Mot. at 10. The record indicates and Plaintiff asserts in his complaint that Defendants filed a Complaint for Unlawful Detainer in the Superior Court of California, County of San Mateo on either January 21, 2011 or January 22, 2011. Compl. ¶ 78; Docket No.1 at 111.

This Court also found that Plaintiff's right to rescind was barred because he could not pay back the amount borrowed. April 12, 2012 Order at 5. More specifically, the Court found that in order "[t]o complete rescission, Plaintiff is required to return the money loaned by Defendants, which Plaintiff has not alleged that he can do." *Id.* In 2014, the Ninth Circuit held that plaintiffs can state a TILA rescission claim without pleading (for purposes of Rule 12) that they have tendered or have the ability to tender the value of their loan and that a district court may alter the statutory sequence and require tender before rescission once the creditor establishes a potentially viable defense at the summary judgment stage. *Merritt*, 759 F.3d at 1033. Accordingly, Plaintiff was not required to plead the ability to tender the value of the loan at the motion to dismiss stage.

However, for the reasons discussed below, the subsequent changes in law do not negate the fact that Plaintiff's right of rescission was extinguished upon the sale of the property in August 2010.

As a threshold matter, this Court must determine what kind of transaction Plaintiff entered into in order to decide whether he even possesses a right of rescission under TILA. *See* 15 U.S.C. § 1635(e)(1–4). Plaintiff obtained a loan because he "refinance[d] his preexisting first and second mortgage loans which totaled approximately $635,000.00 into a new loan in the amount of $1,350,000.00 so that he could cash out $715,000.00 in home equity and invest the proceeds (less closing costs of $41,500.00) in the stock market." Summary of Marie McDonnell's Loan Analysis at 26. Therefore, Plaintiff possesses a right of rescission because he did not enter into any transaction exempt under 15 U.S.C. § 1635(e) such as a "residential mortgage transaction" as defined by 15 U.S.C. § 1602(x). *See* 15 U.S.C. § 1635(e)(1–4). This was not, *e.g.*, a purchase money mortgage.

However, under 15 U.S.C. § 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). In *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), the Supreme Court, albeit in dictum, interpreted the statute broadly:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, *by governing the life of*

> *the underlying right* as well. The subsection says nothing in terms of bringing an action but instead provides that *the "right of rescission [under the Act] shall expire"* at the end of the time period. It talks *not of a suit's commencement but of a right's duration*, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id.* at 417 (internal citations omitted; emphasis added). The right of rescission is terminated completely at the end of the time period. *Id.* Therefore, the right to rescind expires either: (a) three years after the Plaintiff obtains the loan or (b) when Plaintiff's property was sold, whichever occurs first.

The Ninth Circuit in *Meyer v. Ameriquest Mortgage Co.* addressed whether the sale of a property extinguished a borrower's right of rescission under TILA. 342 F.3d 899, 902 (9th Cir. 2003). In *Meyer*, the borrowers received a loan from the lender secured by the borrower's residence in March 1999, demanded rescission of the loan in May 2000, and sold their home and paid off the loan in December 2000. *Id.* at 901–02. The Ninth Circuit stated that "[o]nce the Meyers sold their home, took control of the loan proceeds and paid off the loan, the TILA rescission provision no longer applied . . . ." *Id.* at 902; *see* 12 C.F.R. § 226.23(a)(3) (right to rescind expires when property is sold). The Ninth Circuit further explained:

> The regulation is clear: the right to rescind ends with the sale. "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3).

*Id.* at 903.

While the borrowers (not the lender) in *Meyer* sold the property, district courts have construed the Ninth Circuit's interpretation of 12 C.F.R. § 226.23(a)(3) as "completely terminating a borrower's right of rescission, *even where the lender* -- rather than the borrower -- sold the property." *Takushi v. BAC Home Loans Servicing, LP*, 814 F. Supp. 2d 1073, 1081 (D. Haw. 2011) (emphasis added). In *Takushi*, the court was presented with the question whether "a timely TILA rescission request that predates the foreclosure sale of a property automatically preserves the borrower's right to seek rescission post-sale . . . ." *Id.* The court found that the foreclosure sale of the property still extinguished the plaintiff's right of rescission. *Id.* at 1084.

Other district courts within this circuit are in accord. *See Benemie v. Countrywide Home Loans, Inc.*, No. CV 09–7870–GHK (MANx), 2010 WL 4228339, at *2 (C.D. Cal. Oct. 26, 2010) (finding that *Meyer* is a "binding precedent" that the TILA right of rescission is extinguished upon the sale of the property, "even if the sale occurs after notice of a rescission claim"); *Brown v. GMAC Mortg., LLC*, No. 2:09–cv–03293–GEB–KJM, 2010 WL 3341834, at *2 (E.D. Cal. Aug. 23, 2010) (citation omitted) (finding that the sale of a property extinguishes a borrower's right of rescission despite timely notice of rescission); *Ibarra v. Loan City*, No. 09–CV–02228–IEG (POR), 2010 WL 1573811, at *3 (S.D. Cal. Apr. 20, 2010) (although the borrower exercised his right of rescission within the three-year statute of limitations under 15 U.S.C § 1635(f) by providing notice, his right of rescission under TILA was extinguished upon the subsequent foreclosure sale of the property) ; *Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Fin. Tr.*, No. 10–CV–2195–JM (RBB), 2011 WL 3328487, at *6 (S.D. Cal. Aug. 1, 2011) (same); *Abubo v. Bank of New York Mellon*, No. CIV. 11-00312 JMS, 2011 WL 6011787, at *11 (D. Haw. Nov. 30, 2011) (same).

Here, Plaintiff exercised his right of rescission within three years of the date of consummation of the loan because he obtained the loan on July 11, 2007 and provided his Notice of Rescission to Defendants on March 29, 2010. Adjustable Rate Note; Notice of Rescission. Therefore, he complied with 15 U.S.C. § 1635(f) to the extent that he made his intention to rescind the loan known to the Defendants before the three-year limitations period ended on July 11, 2010. However, the property was sold on August 6, 2010. Trustee's Deed. As in *Takushi*, Plaintiff made a timely rescission request before the sale of the property on and is now seeking rescission of the loan *after* the sale of the property. *Takushi*, 814 F. Supp. 2d at 1081. This Court agrees with the numerous other district courts which have found, under similar facts, that the foreclosure sale of the property extinguished Plaintiff's right of rescission despite his timely notice of rescission. *See Benemie*, 2010 WL 4228339, at *2; *Brown*, 2010 WL 3341834, at *2; *Ibarra*, 2010 WL 1573811, at *3; *Jacobson*, 2011 WL 3328487, at *6; *Abubo*, 2011 WL 6011787, at *11. This makes sense given the obvious logistical problems and disruption to third parties' settled interest that would occur were rescission permitted after a foreclosure sale. Accordingly,

Plaintiff's underlying TILA right of rescission was extinguished in August 2010 when the property was sold despite his timely notice of rescission.  Therefore, Plaintiff's Motion to Vacate this Court's dismissal of his TILA rescission claim is **DENIED**.

## IV.    CONCLUSION

The Court **DENIES** Plaintiff's Motion to Vacate the Court's April 12, 2012 Order on the grounds that his motion was untimely, his TILA damages claim was time-barred, and his TILA rescission right was extinguished upon sale of the property.

This order disposes of Docket No. 52.

**IT IS SO ORDERED**.

Dated: March 17, 2016

_____
EDWARD M. CHEN
United States District Judge