UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL E. MIKELS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAN ESTEP, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-00056-EMC<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL** *IN FORMA PAUPERIS*<br><br>Docket No. 75 |

On January 13, 2016, Plaintiff Marshall E. Mikels moved to vacate this Court's April 12, 2012 Order dismissing his case. Docket No. 52. Plaintiff relied on the Supreme Court's decision, *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015), which held that a borrower need only provide written notice to the lender within three years of the date the transaction was consummated in order to exercise the right to rescind a loan under the Truth in Lending Act (TILA). On March 17, 2016, the Court denied Plaintiff's motion to vacate, finding that the motion was untimely and that even applying *Jesinoski*, Plaintiff's TILA claim would still have been time-barred. Docket No. 69 (March 17, 2016 Ord.). Plaintiff has filed an appeal of this Court's March 17, 2016 Order, and now moves for leave to appeal *in forma pauperis*.[1]

Federal Rule of Appellate Procedure 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must first file a motion in the district court." Fed. R. App. P. 24(a)(1). "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Ninth Circuit has construed

---

[1] While Plaintiff previously filed an appeal of the April 12, 2012 Order, a separate filing fee has been required for his appeal of the March 17, 2016 Order.

"not taken in good faith" to mean frivolous. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole").

Here, the Court finds Plaintiff's appeal frivolous. In his Notice of Appeal, Plaintiff makes two primary arguments. First, Plaintiff argues that the August 6, 2010 trustee's sale could not extinguish his right of rescission because he had notified Defendants of his rescission prior to the sale (on March 29, 2010). Docket No. 71 (Not. of Appeal) at 6, 11. However, the Ninth Circuit has found that the rescission provision no longer applies once the property is sold, even if a valid notice of rescission was sent *prior* to the sale. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 901-02 (9th Cir. 2003); *see also Ibarra v. Loan City*, No. 09–CV–02228–IEG (POR), 2010 WL 1573811, at *3 (S.D. Cal. Apr. 20, 2010) (although the borrower exercised his right of rescission within the three-year statute of limitations under 15 U.S.C § 1635(f) by providing notice, his right of rescission under TILA was extinguished upon the subsequent foreclosure sale of the property); *Takushi v. BAC Home Loans Servicing, LP*, 814 F. Supp. 2d 1073, 1084 (D. Haw. 2011) (finding that as to the question of whether "a timely TILA rescission request that predates the foreclosure sale of a property automatically preserves the borrower's right to seek rescission post-sale," the foreclosure sale of the property still extinguished the plaintiff's right of rescission); *cf. In re Dawson*, 437 B.R. 15 (Bankr. D.D.C. 2010) ("if a borrower has given timely notice of rescission *and sued to enforce that right* prior to the expiration of three years without having sold the property, the right of rescission has been expired, and does not later expire after three years have passed or the property is sold") (emphasis added).

Second, Plaintiff argues that his motion to vacate was not time-barred because the April 12, 2012 Order "was in conflict with the plainly stated TILA Law." Not. of Appeal at 9. This Court agreed that *Jesinoski* held that a plaintiff is not required to file suit within three years of the notice of rescission, and that a borrower does not have to plead the ability to tender the value of the loan. March 17, 2016 Ord. at 7-8. However, the Court also found that Plaintiff's motion to vacate was untimely, after applying the factors articulated by the Ninth Circuit in *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). *Id.* at 5. Specifically, the Court found that there was a great interest

2

in finality, Plaintiff had failed to explain why he waited until one year after *Jesinoski* was decided to file his motion (although he indicated that he had learned about the opinion six months prior), and that vacating the prior order would be highly prejudicial to Defendants. *Id.* Plaintiff does not address these factors or findings in his Notice of Appeal.

For these reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis*. Any further request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 24. The Clerk of the Court is directed to serve a copy of this order on Plaintiff and on the Ninth Circuit Court of Appeals.

This order disposes of Docket No. 75.

**IT IS SO ORDERED**.

Dated: April 19, 2016

_____
EDWARD M. CHEN
United States District Judge